**WILSON et al. v. KUSH et al.**

No. 8504.

Court of Civil Appeals of Texas.  San Antonio.
Dec. 10, 1930.

Rehearing Denied Jan. 7, 1931.

Dielmann & Forster, of San Antonio, for appellants.

Wm. Wurzbach and Herman Glosserman, both of San Antonio, for appellees.

FLY, C. J.

This is an action of trespass to try title to certain real property in the city of San Antonio, and in the alternative to recover a debt and for foreclosure of a lien on the land, instituted by appellants against appellees. The cause was tried by jury under special issues, and upon their answers thereto judgment was rendered in favor of appellees.

The jury found in their answers that Mrs. Elizabeth Kush did not in 1920, as claimed by appellants, make a parol gift of the land in controversy to appellants Fred H. Wilson and Mary Wilson, his wife; they, however, went into possession of the property with the consent of Mrs. Kush; that appellants made no valuable and permanent improvements on the land in reliance on any gift of the property or promise to convey it to them. The jury also found that appellants moved off the property November 1, 1927, and afterwards Fred H. Wilson declared he had no interest in the property, and refused to make any payment on materials furnished to make improvements thereon. The rental value of the property was found to be $40 a month, and appellants occupied it from September, 1920, to November 1, 1927.

The facts sustain the verdict and show that Elizabeth Kush died April 25, 1929. The suit was instituted after the death of Elizabeth Kush.

The evidence shows conclusively that Elizabeth Kush did not give the lot to her daughter, Mary Wilson, and the main witness for appellants stated that Mrs. Kush told her that she intended to convey the property to Mary Wilson if she and her husband paid for the improvements. Mrs. Kush rented the property to appellants for the monthly sum of $45; a portion of the rent being paid by appellants to the materialmen who had a lien on the premises. The materialman's lien was executed by Mrs. Kush as well as a deed of trust on the property given to secure a loan of about $4,000. She paid the taxes that became due while appellants were in possession of the property. On November 1, 1927, appellants left the property, and Mrs. Kush rented the property to another man who occupied it as a tenant until the death of Mrs. Kush. They did not assert or claim any title to the property until after the death of Mrs. Kush. Mr. Wilson told at least two persons that he had no interest in the property he now claims, and stated that he had left the property because he could not get along with Mrs. Kush. Mrs. Kush lived for about eighteen months after appellants abandoned the property, and they made no claim, during that time, to the land or the rents arising from it, and paid no taxes nor anything on the purchase money. When Mrs. Kush died, the claim at once sprang into existence.

Article 3716 (Rev. St.) was enacted to meet such cases as this and to prevent interested parties from putting declarations into the mouths of the dead which they had never uttered. That statute has been a benefaction to lawful heirs in protecting their estates from exploitation by persons claiming an interest through oral gifts attributed to the dead. It was all the property, outside the homestead, owned by Elizabeth Kush, and, as she said, it would have been an act of injustice to have deprived her other four children of all interest in her estate to have given all of it to her daughter Mary.

The great weight of the evidence, if not the whole of it, showed conclusively that Mrs. Kush made no such gift to appellants. She improved the land, she paid the taxes, she gave liens, and yet when she dies her property is claimed by those who never paid a dollar on it and who left it while she was living and disclaimed any interest in it.

There is no merit in any of the propositions, and the judgment is affirmed.